270                    August 7, 2024                    No. 552

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. H. III, aka D. C. H. III,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

D. H. III,
aka D. C. H. III,
*Respondent,*

*v.*

C. D. H.,
aka C. D. E. H.,
*Appellant.*

Umatilla County Circuit Court
22JU04352; A183300 (Control)

In the Matter of D. R. H., aka D. R. D. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

D. R. H.,
aka D. R. D. H.,
*Respondent,*

*v.*

C. D. H.,
aka C. D. E. H.,
*Appellant.*

Umatilla County Circuit Court
22JU04351; A183299

Robert W. Collins, Jr., Judge.

Argued and submitted June 14, 2024.

George W. Kelly argued the cause and filed the brief for appellant.

Patricia G. Rincon, Assistant Attorney General, argued the cause for respondent Department of Human Services. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Ginger Fitch argued the cause and filed the brief for respondents children.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

In this juvenile dependency case, mother appeals a judgment that changed the permanency plan for her two children from reunification to guardianship. In three assignments of error, mother contends that the juvenile court erred in its factual finding that she continued to use methamphetamine, and in its legal conclusions that the Department of Human Services (DHS) made reasonable efforts to support reunification and that she had made insufficient progress to enable reunification. We affirm.

Absent *de novo* review, we are "bound by the juvenile court's factual findings as to what efforts DHS has made, so long as there is any evidence in the record to support them."[1] *Dept. of Human Services v. K. G. T.*, 306 Or App 368, 370, 473 P3d 131 (2020). We review the juvenile court's conclusions as to the reasonableness of DHS's efforts and the sufficiency of mother's progress for legal error. *Id.*; *Dept. of Human Services v. C. W.*, 312 Or App 572, 574, 493 P3d 74 (2021).

Mother first challenges the juvenile court's factual finding that she continued to use methamphetamine, arguing that, although her urinalysis tests were repeatedly positive, those results indicated very low levels of methamphetamine. Mother contends that such a low level of methamphetamine could have been caused by residue remaining in her apartment rather than through ingestion. Although it is perhaps possible to draw that conclusion from the test results, the question on appeal is whether there was any evidence to support the juvenile court's finding. This record contains such evidence; in addition to the test results, several witnesses testified that mother's behavior had changed concomitantly with those positive tests in a pattern that was similar to when she had previously used methamphetamine. Because the record supports the trial court's finding, we reject mother's first assignment of error.

Mother next challenges the court's legal conclusions that DHS made reasonable efforts to reunify the family

---

[1] Mother requests that we take *de novo* review of the juvenile court's factual finding that she continues to use methamphetamine. However, *de novo* review is reserved for "exceptional cases," and mother does not explain how this case meets the factors identified in ORAP 5.40(8)(c).

and, that, notwithstanding those efforts, she has not made sufficient progress to permit reunification. *Dept. of Human Services v. L. M. K.*, 319 Or App 245, 252, 510 P3d 278 (2022); ORS 419B.476(2).

We analyze the reasonableness of DHS's efforts "through the lens" of the jurisdictional bases. *Dept. of Human Services v. D. M. R.*, 301 Or App 436, 443, 455 P3d 599 (2019). Jurisdiction was taken based on one of the children sustaining unexplained injuries and mother's substance abuse interfering with her ability to parent. DHS referred mother to multiple services to address those bases, including parenting classes and drug treatment programs, and paid mother's rent while she attended inpatient treatment. Mother contends, however, that DHS did not make reasonable efforts to facilitate visits with the children and did not sufficiently investigate other causes for mother's positive drug test results. We disagree. Although the children's placement was not close to mother's residence, the resource parents were longtime friends of mother who encouraged her to spend weekends at their house, and DHS provided monthly gas cards to facilitate those visits. Additionally, DHS did investigate whether—as mother contended before the juvenile court—the medication she was taking could cause the positive drug test results. On this record, we conclude that DHS's efforts were reasonable.

As to sufficient progress, we measure progress in the "context of the factual bases for jurisdiction as set forth in the jurisdictional judgment." *Dept. of Human Services v. N. A. S.*, 332 Or App 89, 93, 548 P3d 505 (2024) (internal quotation marks omitted). Mother contends that her progress supports reunification, pointing to her successful completion of drug treatment programs and parenting classes as well as positive reports from her drug counselor, her probation officer, and her employer. While it is true that mother has made commendable progress during the course of the case, jurisdiction was partially based on mother's substance abuse, and the juvenile court's factual finding that mother continued to use methamphetamine supports its determination that that progress was insufficient.

Affirmed.